UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NAKREISHA MCFARLAND,

          Plaintiff,

     v.

          Case No. 25-cv-0250-bhl

ZACHARIAH KUIPER and NICHOLAS COCA,

          Defendants.

## SCREENING ORDER

On February 20, 2025, Nakreisha McFarland, proceeding without an attorney, filed a complaint invoking this Court's federal question jurisdiction and alleging violations of her Fourth Amendment rights. (ECF No. 1.) The complaint identifies as defendants Zachariah Kuiper and Nicholas Coca, both officers with the Racine Police Department. (*Id.*) McFarland also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of McFarland's IFP motion and the screening of her complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). McFarland's IFP application does not provide sufficient information about her finances for the Court to find that she is unable to pay the filing fee. McFarland represents that she is unmarried with three dependents. (ECF No. 2 at 1.) She indicates that she is unemployed but has received some (unspecified) income from unemployment insurance benefits and from Uber over the last twelve months. (*Id.* at 1–2.) She lists monthly expenses for rent, a car payment, and internet totaling $1726. (*Id.* at 2–3.) McFarland indicates that she owns a car, but fails to provide its make, model, or approximate value. (*Id.* at 3.) She represents that she does not own a home, has no money in cash or accounts, and has no other assets. (*Id.* at 3–4.) While it appears from McFarland's motion that she may be eligible for a fee

waiver, the Court cannot make that determination without specific information about her income, expenses, assets and liabilities. Accordingly, the Court will deny McFarland's IFP motion without prejudice. In other words, McFarland may refile her motion with more detailed financial information and the Court will consider that motion anew.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must also screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be

granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

McFarland alleges that she was subjected to an unlawful traffic stop by Defendants Kuiper and Coca on March 4, 2024, in violation of her Fourth Amendment rights. (ECF No. 1 at 2.) She alleges that Defendants pulled her over without reasonable suspicion and falsely claimed that her vehicle lacked license plates as justification for the stop. (*Id.* at 2–3.) McFarland also alleges that she was forcibly removed from her vehicle during the stop. (*Id.* at 2.) She seeks $250,000 in compensatory and punitive damages. These allegations are sufficient to state a claim for a Fourth Amendment violation under 42 U.S.C. § 1983. She alleges that the Defendant police officers violated her Fourth Amendment rights when they stopped her vehicle without cause and forcibly removed her from the vehicle during the stop. While sparse, McFarland's factual allegations are sufficient to put Defendants on notice of her claims and raise her right to relief above the speculative level. *See Valance v. Wisel*, 110 F.3d 1269, 1275 (7th Cir. 1997) (noting that a traffic stop may violate the Fourth Amendment when made without probable cause).

As noted above, however, McFarland has not provided sufficient financial information to receive a fee waiver. Accordingly, if she wishes to continue this lawsuit, she must either pay the $405 civil filing fee or file a renewed IFP motion with more detailed financial information. If McFarland does not pay the fee or file a renewed IFP motion by **March 18, 2025**, her complaint will be dismissed for failure to pay the filing fee.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Nakreisha McFarland's Motion to Proceed Without Prepaying the Filing Fee, ECF No. 2, is **DENIED without prejudice**. If McFarland wishes to continue this lawsuit, she must either pay the full filing fee or submit a renewed IFP motion with more detailed financial information by **March 18, 2025**. If McFarland fails to comply with this Order, her complaint will be dismissed for failure to pay the filing fee.

Dated at Milwaukee, Wisconsin on February 25, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge