**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NAKREISHA MCFARLAND,**

**Plaintiff,**

**v.** **Case No. 25-CV-250**

**ZACHARIAH KUIPER and**
**NICHOLAS COCA,**

**Defendants.**

---

# ORDER

---

## 1. Introduction

On July 1, 2026, the court issued a decision and order granting the defendants' motion for summary judgment and dismissing this case with prejudice. (ECF No. 39.) Plaintiff Nakreisha McFarland, proceeding pro se, filed a notice of appeal on July 9, 2026. (ECF No. 41.) On July 15, 2026, McFarland filed a motion to alter or amend judgment in the district court pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 45.) On July 22, 2026, McFarland filed a motion for leave to appeal without prepayment of the filing fee. (ECF No. 46.) After the motion to reconsider (ECF No. 45) was fully briefed, the defendants filed a letter purporting to correct a factual discrepancy in McFarland's reply

brief. (ECF No. 50.) McFarland thereafter filed a motion for leave to file a supplemental memorandum. (ECF No. 52.) This order resolves the pending motions.

**2. Background**

The underlying facts are outlined in detail in the court's July 1, 2026, decision. *See McFarland v. Kuiper*, No. 25-CV-250-WED, 2026 WL 1948741, 2026 U.S. Dist. LEXIS 148259 (E.D. Wis. July 1, 2026). In sum, defendants Zachariah Kuiper and Nicholas Coca are two Racine police officers who initiated a traffic stop of McFarland's vehicle at approximately 11:45 PM on March 2, 2024. The officers believed that McFarland's vehicle lacked a visible license plate in violation of Wisconsin law. McFarland explained to the officers that she recently purchased the vehicle and that a temporary license plate was displayed in the rear window. After McFarland refused to provide her driver's license or step out of the vehicle, the officers removed her from the vehicle. The officers eventually identified McFarland, issued her three citations, and told her she was free to leave. A municipal court judge for the City of Racine Municipal Court found McFarland guilty of each citation and entered judgment.

McFarland filed this action in federal court alleging that the traffic stop violated her Fourth Amendment rights. This court determined that neither the stop itself nor the officers' conduct during the stop was unlawful and granted summary judgment in the defendants' favor.

## 3. Legal Standard

"[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (citation omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). They are not the forum for rehashing rejected arguments or raising arguments that could have been presented earlier. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1269; *Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) (citing *Brooks v. City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009)).

## 4. Motion to Reconsider

McFarland does not argue that she has new evidence for the court's consideration. (*See* ECF No. 45.) Therefore, the question before the court is whether a manifest error of law or fact needs to be corrected.

### 4.1. Collateral Attack

McFarland claims that "amendment is necessary to correct a manifest error in the treatment of the Racine Municipal Court judgment as dispositive of [her] federal Fourth Amendment claims and to prevent the conflation of the municipal plate-display adjudication with distinct questions concerning the inception and continued duration of

the federal seizure." (ECF No. 45 at 1.) She contends that her federal action is not a collateral attack on the municipal judgment. (*Id.* at 2.)

McFarland's interpretation of the court's decision is incorrect. The court recited in its factual summary that the municipal court found McFarland guilty of all three citations that were issued to her in connection with the incident underlying her federal claims. (ECF No. 39 at 6.) But the court's substantive analysis and decision granting the defendants' motion for summary judgment in no way relied on the municipal court judgment, much less found it to be dispositive. (*See* ECF No. 39.) Therefore, no manifest error of law or fact exists on this point, and the court will deny the motion to reconsider.

**4.2. Factual Basis for the Traffic Stop**

McFarland argues that the defendants identified in their interrogatory responses that their reason for the traffic stop was their belief that she was operating a motor vehicle without a visible rear registration plate. (ECF No. 45 at 3.) She then states that their "responses did not state that Defendants initiated the stop after observing a visible temporary plate and determining that it was improperly attached or obscured by tint." (*Id.* at 4.)

McFarland's argument is unclear. There is no inconsistency between the defendants initiating the traffic stop due to their belief that the vehicle did not have a visible rear license plate and the officers learning about a temporary plate during the course of the traffic stop. Her motion will therefore be denied in this respect.

### 4.3. Temporary Registration

McFarland argues that defendant Kuiper confirmed the existence and location of her temporary plate during the traffic stop. (ECF No. 45 at 4.)

McFarland's argument is again unclear. As the court explained in its decision on the motion for summary judgment, the officers did not violate the Fourth Amendment because they had a lawful basis for stopping the vehicle (reasonable belief in the lack of a visible license plate), were allowed to ask for McFarland's license and registration, and were allowed to detain McFarland for failure to provide a valid license. (ECF No. 39 at 10–14.) The court will therefore deny her motion to reconsider in this respect.

### 4.4. Video Visibility

McFarland argues that the parties' competing interpretations of the objective video evidence "could not be resolved merely by treating the later municipal judgment as conclusive of what the officers observed before initiating the seizure." (ECF No. 45 at 5.) The defendants claim that she has not generated a manifest error of law or fact because the court did not rely on the municipal court judgment and because she failed to properly dispute their proposed findings of fact during summary judgment briefing. (ECF No. 48 at 4–5.) McFarland replies that the court improperly resolved the factual dispute in favor of the defendants by concluding "that neither officer could see the temporary

registration." (ECF No. 49 at 4.) She claims a reasonable jury could reach a contrary conclusion as to whether the officers reasonably failed to observe the registration. (*Id.*)

"An initial traffic stop passes constitutional muster if the officer reasonably believes he witnessed a traffic violation." *United States v. Avila*, 106 F.4th 684, 693 (7th Cir. 2024). "A reasonable suspicion means 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Martin v. Forest Cnty.*, 677 F. Supp. 3d 853, 861–62 (E.D. Wis. 2023) (citing *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)); *see also United States v. Simon*, 937 F.3d 820, 829 (7th Cir. 2019) ("If an officer reasonably thinks he sees a driver commit a traffic infraction, that is a sufficient basis to pull him over without violating the Constitution."). "Whether [the driver] actually committed a traffic infraction is irrelevant so long as 'there was an objective basis for a reasonable belief he did.'" *United States v. Wiley*, 184 F.4th 976, 983 (7th Cir. 2026) (citation omitted).

In *United States v. Dexter*, 165 F.3d 1120, 1124 (7th Cir. 1999), the Seventh Circuit Court of Appeals upheld the validity of a traffic stop that the defendant officer initiated because he could not see any license plate on the vehicle when in fact the vehicle had a temporary tag displayed behind a tinted rear window. The court held that Wisconsin's law requiring visible display of registration applied to temporary plates. *See Dexter*, 165 F.3d at 1125. The court also rejected the defendant's argument that the officer exceeded the scope of the stop when he asked for license and registration after noticing what appeared to be a temporary registration tag upon approaching the vehicle. *See id.* at 1226.

The court observed that "an officer may ask for a driver's license and registration as a routine matter" when a vehicle is pulled over. *Id.* The court also held that the officer's decision to "first observe with whom he was dealing rather than standing behind the car to examine the temporary registration tag" was reasonable under the circumstances. *Id.*

McFarland argued in her summary judgment briefing that her temporary registration was visible prior to the stop, that the officers reasonably failed to observe the registration, and that the officers unlawfully prolonged and escalated the stop after observing the temporary registration. (*See* ECF Nos. 32, 35.) While McFarland generally referenced the video evidence, she did not provide any other evidence or basis to question the officers' credibility or the visibility of her registration. She did not deny that her temporary registration was displayed behind a tinted rear window while driving in the dark. This evidence, combined with the court's review of the dashcam footage (ECF No. 31, Ex. 1, "Coca Squadcam"), confirms the court's determination that no reasonable juror could find that the officers' belief that the vehicle displayed no visible registration when they initiated the traffic stop was unreasonable. Furthermore, it was reasonable for the officers to ask McFarland for license and registration incident to their lawful stop rather than linger at the rear of the vehicle in the dark to check the temporary registration. As the court explained in its decision granting summary judgment, the traffic stop was prolonged and escalated due to McFarland's noncompliance with the officers' requests.

Once again, the court did not rely on the municipal record in reaching its conclusion. McFarland has not identified any manifest error of law or fact in the court's decision, and her motion to reconsider will be denied with respect to the video evidence.

**4.5. "Reframing" of the Factual Basis**

McFarland argues that the defendants' summary judgment theory materially reframed the factual basis for the traffic stop that they identified during discovery. (ECF No. 45 at 5.) She claims that the court needed to address the conflicts among "[a]n allegedly absent or non-visible plate, an existing plate allegedly improperly attached, and an existing temporary registration allegedly obscured by tint." (*Id.* at 5–6.)

The court finds no conflict among these descriptions. The defendants alleged that they initiated the traffic stop because the plate was not visible to them and later learned that a temporary registration was displayed behind a tinted window. McFarland has not identified a manifest error in the factual findings. (*See also* ECF No. 39 at 2 (finding McFarland failed to generate a genuine dispute of material fact because she did not comply with the local rules regarding summary judgment procedures).)

**4.6. Continued Seizure**

McFarland argues that the court was required to analyze the "duration and mission" of the traffic stop after Kuiper located her temporary plate and communicated its identifying information to dispatch. (ECF No. 45 at 6–7.) She states that "the tolerable duration of a traffic seizure is determined by the mission of the stop, and authority for

the seizure ends when tasks tied to the traffic infraction are, or reasonably should have been, completed, absent an independent lawful basis for further detention." (*Id.* at 7 (citing *Rodriguez v. United States*, 575 U.S. 348, 354–57 (2015)).)

The court determined there was "no evidence in the record indicating that the defendants unlawfully prolonged the traffic stop" and "the stop was prolonged by virtue of McFarland's refusal to cooperate." (ECF No. 39 at 13.) The court finds no manifest error of law or fact and will deny McFarland's motion on this point.

### 4.7. *Heck* Doctrine

McFarland argues that the "defendants expressly acknowledged in their summary judgment briefing that the Seventh Circuit had not decided the precise *Heck* extension they advocated." (ECF No. 45 at 7.)

Even though the defendants advanced an argument under *Heck v. Humphrey*, 512 U.S. 477 (1994) in briefing, the court did not rely on *Heck* in reaching its decision. (*See* ECF No. 39.) Accordingly, the court finds no manifest error of law or fact and denies the motion to reconsider in this regard.

### 4.8. Municipal Record

McFarland argues that "the municipal record must support the precise issue attributed to the prior adjudication." (ECF No. 45 at 8.) She claims the municipal "court record does not contain an express written Fourth Amendment ruling, suppression determination, or written finding that Defendants possessed reasonable suspicion at the

inception of the seizure or that the continued seizure remained constitutionally reasonable after [the temporary plate] was located and communicated to dispatch." *Id.*

Again, the court did not rely on the municipal court ruling. The court assessed the evidence of record in the federal action and determined that the traffic stop and its duration did not violate the Fourth Amendment. Because there is no manifest error of law or fact on this point, the court will deny McFarland's motion to reconsider.

**4.9. Interrogatory Responses**

McFarland argues that "Rule 33 makes the substantive interrogatory responses part of the discovery record requiring consideration." (ECF No. 45 at 9–10.) She claims that she "relies upon Defendants' substantive interrogatory responses as discovery evidence identifying Defendants' asserted factual basis for the traffic stop." (*Id.*at 10.)

The court already addressed McFarland's contention about the factual basis for the traffic stop. She has not identified a manifest error of law or fact, and the court will deny her motion on this front.

**4.10. Plaintiff's Reply Brief**

McFarland raises new arguments in her reply brief, including that the defendants did not establish compliance with their Rule 26(a)(1) disclosure obligations, which prevented her from conducting related discovery before the defendants sought summary judgment. (ECF No. 49 at 1–5.) But arguments newly raised in a reply brief are waived. *See Est. of Smith by Haynes v. City of Milwaukee*, 410 F. Supp. 3d 1066, 1076 (E.D. Wis. 2019)

("[N]ew arguments cannot be raised in a reply brief.") (citations omitted). Therefore, the court will disregard these arguments, as well as the defendants' sur-reply related thereto. (*See* ECF No. 50.)

**5. Motion for Leave to File a Sur-Reply**

McFarland moves for leave to file a sur-reply in support of her motion to reconsider regarding disputed Rule 26(a)(1) service, prejudice, newly presented purported email evidence, and fairness of the Rule 56 proceedings. (ECF No. 52.)

McFarland's proposed sur-reply pertains entirely to her argument about the defendants' failure to comply with Rule 26 disclosure obligations and attendant consequences. (*See* ECF No. 52.) These arguments are waived for failure to raise them until the reply brief. Therefore, the court does not need to consider McFarland's sur-reply in deciding her motion for reconsideration, and her motion (ECF No. 52) will be denied.

**6. Motion for Leave to Appeal Without Prepayment**

Having reviewed McFarland's motion for leave to appeal without prepayment of the filing fee (ECF No. 46) and accompanying financial statement (ECF No. 46-1), the court concludes that she lacks the financial means to pay the required filing fee. The court has not determined that this appeal is frivolous or malicious, fails to state a claim on which relief may be granted, seeks monetary relief against a defendant who is immune, *see* 28 U.S.C. § 1915(e)(2), or certified that this appeal is not taken in good faith, *see* 28

U.S.C. § 1915(a)(3). Therefore, McFarland's motion to proceed in forma pauperis on appeal will be granted.

7. **Conclusion**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (ECF No. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a supplemental memorandum (ECF No. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to appeal without prepayment of the filing fee (ECF No. 46) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 17th day of September, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge